UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ROBERT MICHAEL LYDEN, an individual,

Plaintiff,

v.

TURTLE BEACH CORPORATION, a
Nevada Corporation; VOYETRA TURTLE
BEACH, INC., a Delaware Corporation;
and PERFORMANCE DESIGNED
PRODUCTS, LLC, a California Limited
Liability Corporation,

Defendants.

Case No. 25-CV-3843 (PJS/DLM)

ORDER

---

Robert Michael Lyden, *pro se*.

Brandon Smith, Ali Razai, and Jacob Grotenrath, MORGAN, LEWIS & BOCKIUS LLP; and Kelly J. Fermoyle, FAEGRE DRINKER BIDDLE & REATH LLP, for defendants.

Plaintiff Robert Michael Lyden brings this patent-infringement action against defendants Turtle Beach Corporation, Voyetra Turtle Beach, Inc., and Performance Designed Products, LLC (collectively, "Turtle Beach").  This matter is before the Court on Turtle Beach's motion to dismiss for improper venue or, in the alternative, to transfer.  ECF No. 14.

In patent-infringement actions, 28 U.S.C. § 1400(b) "is the sole and exclusive provision controlling venue."  *TC Heartland LLC v. Kraft Foods Grp. Brands, LLC*, 581 U.S.

258, 266 (2017) (quotation omitted).  Under § 1400(b), venue is proper only in the judicial district (1) "where the defendant resides" or (2) "where the defendant has committed acts of infringement *and* has a regular and established place of business." 28 U.S.C. § 1400(b) (emphasis added).  For purposes of § 1400(b), "a domestic corporation 'resides' only in its State of incorporation."  *TC Heartland*, 581 U.S. at 262.

The parties agree that Turtle Beach does not reside in Minnesota, and, for purposes of this motion only, the Court assumes that Turtle Beach committed acts of infringement in Minnesota.  *See* Compl. ¶¶ 3–5, 9, ECF No. 1; ECF No. 16.  The issue, then, is whether Turtle Beach "has a regular and established place of business" in the District of Minnesota.  28 U.S.C. § 1400(b).

For the reasons explained by the Court at the March 3, 2026 hearing, the Court thinks it highly unlikely that Turtle Beach has a "regular and established place of business" in Minnesota.  But after the hearing, Lyden informed the Court that he does not object to the transfer of this matter to the Southern District of California—a district in which (as Turtle Beach conceded at the hearing) all three defendants have a regular and established place of business.  The Court therefore grants Turtle Beach's motion in part and orders this case to be transferred to the United States District Court for the Southern District of California.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss [ECF No. 14] is GRANTED IN PART; and

2. The Clerk of Court is DIRECTED to transfer this case to the United States District Court for the Southern District of California.

Dated: March 19, 2026

/s/ Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court